## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRIANGLE METALS, INC., ET AL**

**VERSUS**                                                    **CIVIL ACTION**

**CITY OF PORT ALLEN, ET AL**                    **NO. 08-205-FJP-CN**

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 27, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRIANGLE METALS, INC., ET AL**

**VERSUS**                                          **CIVIL ACTION**

**CITY OF PORT ALLEN, ET AL**                       **NO. 08-205-FJP-CN**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

On April 7, 2008, this concursus matter was removed from the 18th Judicial District Court, West Baton Rouge Parish,  Louisiana by defendants United States of America and United States Internal Revenue Service.   On April 15, 2008, American Contractors Indemnity Company was substituted as party plaintiff for Triangle Metals, Inc.  Therefore, American Contractors Indemnity Company became the sole plaintiff and Triangle Metals, Inc. was terminated.   On that same date, the Court set a 90 day scheduling conference for August 7, 2008.  The next day, the United States of America was substituted as proper party defendant and the United States Internal Revenue Service was terminated as a defendant.

Summons were sent by plaintiff on April 17, 2008, to the following defendants: United States of America, the U.S. Attorney, and the U.S. Attorney General.   The United States of America answered the complaint on May 16, 2008.  No summons was ever sent to defendant, Elevated Tank Applicators, Inc.

The scheduling conference was held on August 7, 2008, and the usual and customary scheduling order was issued.  Also, at that conference, counsel for the City of Port Allen stated that the City of Port Allen does not have any claim to the monies in the registry of the Court and that he would be filing a notice to make that fact clearer in the record and so the other parties could work

2

on settling this matter.  On August 18, 2008, defendant City of Port Allen filed a Notice of No Pending Claim (Dkt. # 19). Therefore, the City of Port Allen was terminated as a defendant in this action.

In this notice by the City of Port Allen it was revealed that plaintiff, American Contractors Indemnity Company was  surety for defendant Elevated Tank Applicators, Inc.   No other activity had occurred in this case until the telephone status conference on July 24, 2009, wherein it was decided by the Court that the case would be forwarded to the District Judge for pretrial and trial dates.  After the telephone conference, plaintiff's counsel confirmed to the Court that American Contractors Indemnity Company is indeed surety for Elevated Tank Applicators, Inc. and therefore, Elevated Tank Applicators, Inc. should be dismissed as a defendant in this action.

Accordingly,

Since defendant, Elevated Tank Applicators, Inc. was never served in this matter[1] and plaintiff's counsel has informed the Court that American Contractors Indemnity Company is surety for Elevated Tank Applicators, Inc. and that Elevated Tank Applicators, Inc. should no longer be a defendant in this matter, it is hereby recommended that defendant Elevated Tank Applicators, Inc. be dismissed from this action.

Signed in chambers in Baton Rouge, Louisiana, July 27, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Uniformed Local Rule LR41.3M - Dismissal for Failure to Prosecute states "A civil action may be dismissed by the court for lack of prosecution as follows: A. Where no service of process has been made within 120 days after filing of the complaint...."